UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRALYNN SANKS,

    Plaintiff,                              CIVIL ACTION NO. 08-10066

  v.                                     DISTRICT JUDGE SEAN F. COX
                                        MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*    \*    \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on April 29, 2004, alleging that she had been disabled and unable to work since March 1, 2002, at age 51, due to back, neck and leg pain. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on July 31, 2006, before Administrative Law Judge (ALJ) Karen Goheen. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 55 years old at the time of the administrative hearing (TR 143). She had been graduated from high school, and had been employed as a informational clerk, cashier and child care worker during the relevant past (TR 68, 145). As a informational clerk and cashier at a local museum, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 69).

Claimant injured her back and neck in an automobile accident in March 2002 (TR 151). She testified that back, right shoulder, neck and leg pain prevented her from sitting for prolonged periods (TR 153). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or climb stairs (TR 154-155). Claimant estimated that she could sit for perhaps 30 minutes, walk a block and lift about a gallon of milk (TR 155, 160). She added that she needed to lie down several times a day to get any pain relief (TR 153). Pain medications proved ineffective and made her sick to her stomach (TR 163). Plaintiff stated that she had trouble performing household chores. She depended on her son to go grocery shopping and the do the laundry (TR 159).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past work as light, semi-skilled activity, that imparted some transferable skills (TR 166-167). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 169). If she were capable of sedentary work, there were numerous semi-skilled cashier jobs that Plaintiff could perform with minimal vocational adjustment (TR 169).

---

[1] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down on a regular basis would preclude all work activity (TR 169).

**2**

These jobs did not require her to remain on her feet for prolonged periods, and did not involve rotation of the neck (TR 169).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired primarily as a result of back and neck pain, but that her condition was not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's pain symptoms precluded her from performing jobs requiring prolonged standing or walking. She further found that Plaintiff was unable to lift any object above chest level. Nevertheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is

supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her joint pain was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008).

## INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2005, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled prior to December 31, 2005, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

The proper inquiry on an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that she was disabled between April 29, 2004, the SSI application date, and February 21, 2007, the date of the ALJ decision, in order to be entitled to SSI benefits.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a restricted range of sedentary work that did not require prolonged standing, walking or the lifting of more than ten pounds above chest level on a regular basis. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling pain.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to back, neck and leg pain. Despite Plaintiff's claim of severe functional limitations, a significant portion of the treatment notes found in the record document routine medical care for such ailments as a cough, hyperlipidemia and allergic rhinitis (TR 118-130).

The ALJ also noted that Plaintiff did not seek regular treatment for her back and neck pain until nearly a year after her March 2002 motor vehicle accident (TR 17, 101). Dr. Haranath Policherla, claimant's treating neurologist, reported in July 2003, that the combination of Motrin and Flexeril (a muscle relaxant) helped improve her neck motion and ability to walk on her heels and toes (TR 95-96). A consultative evaluation by Dr. A. Sadiq

in September 2004, noted that Plaintiff enjoyed full muscle strength in her arms and legs. She also had full grip strength bilaterally (TR 107).

The Law Judge considered Plaintiff's sparse treatment as a factor in concluding that her pain symptoms and functional limitations were not as severe as she alleged. The ALJ took into account claimant's back, neck and leg pain by limiting her to sedentary work that did not require her to remain on her feet for prolonged periods. Plaintiff was also restricted from lifting any object above the chest level.

Given the lack of objective clinical evidence of disability during the relevant period, the Administrative Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of sedentary work. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[2], the Vocational Expert testified that there were numerous semi-

---

[2]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain. During the hearing, the ALJ made clear to the VE that "change positions" was defined as "stand

skilled cashier jobs that Plaintiff could perform with minimal vocational adjustment (TR 168). These jobs did not require her to remain on her feet for prolonged periods, and did not involve lifting above chest level (TR 167-168). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity during the relevant period.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule

---

up for a moment" (TR 168). Based on the claimant's residual capacity, including the limitation of changing positions at 15 to 20 minute intervals, the VE testified that the hypothetical person could perform semi-skilled cashier jobs that were performed primarily in the seated position (TR 168). Contrary to Plaintiff's assertion, the VE indicated, and the ALJ so found, that Plaintiff had transferable skills to perform those jobs (TR 19).

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: May 21, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on May 21, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 21, 2008. **Michael Cantor.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217